Halphen vs. Zuberbier & Behan.

But he does say that the item of $630 for clothing is the full value of the goods, and the damage done to them is seventy-five per cent., and as the other items are lumped with that to make the sum sued for, the damage to each of them must be in the same proportion. He admits having sold $150 worth of the damaged goods. We state the figures thus:

Sum total of goods damaged............................$1,362 57
Less 25 per cent........................................ 340 64

$1,021 93
Sold.................................................... 150 00

$ 871 93
Add damage to building................................. 75 00

$ 946 93

which we find as the amount of his damages.

Therefore it is ordered and decreed that the judgment of the lower court is avoided and reversed, and that the plaintiff do have and recover of the defendant the sum of nine hundred and forty-six dollars and ninety-three cents, with five per cent. per annum interest thereon from June 15, 1881, and the costs of both Courts.

---

No. 8605.

J. O. HALPHEN VS. ZUBERBIER & BEHAN.

The appeal taken by a defendant cast in a suit apparently appealable, will not be dismissed for want of jurisdiction by the appellate court.

Equity demands that he should not suffer from the inference which he was authorized to draw, in that regard, from the nature of the cause of action and prayer.

A consignor is entitled to recover from his consignee the proceeds of shipments made to him, and which were passed, without his authority, to the credit of a third person.

Damages will not be allowed such consignor for non-payment of his drafts, where no evidence is adduced in support of such claim.

APPEAL from the Civil District Court, for the Parish of Orleans. Tissot, J.

M. Voorhies for Plaintiff and Appellee.

A. B. Philips for Defendants and Appellants.

The opinion of the Court was delivered by BERMUDEZ, C. J.

138